# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Tonia Strickland,   Case No. 3:17CV2243

    Plaintiff

    v.   **ORDER**

Commissioner of Social Security,

    Defendant

    This is a Social Security case in which the plaintiff, Tonia Strickland, appeals the Commissioner's decision denying her application for benefits.

    An administrative law judge found that Strickland suffered from two severe impairments – carpal tunnel syndrome and depression – but disagreed that her migraines and neurocardiogenic syncope also qualified as severe impairments. (Doc. 11, PageID 90–92).

    The ALJ then ruled that Strickland retained the residual functional capacity (RFC) to perform light work involving only simple and routine tasks. (*Id.*, PageID 93). Finding that Strickland was capable of performing her past relevant work as a lens inserter and, alternatively, that other jobs that existed in significant numbers in the national economy, the ALJ determined that Strickland was not disabled. (*Id.*, PageID 97 –98).

    Now pending is Magistrate Judge Limbert's Report and Recommendation, which recommends that I affirm the Commissioner's decision (Doc. 22); Strickland's objections (Doc. 23); and the Commissioner's response (Doc. 24).

On de novo review of the R&R, *see* 28 U.S.C. § 636(b)(1), I overrule Strickland's objections, adopt the R&R as the order of the court, and affirm the Commissioner's decision.

**A. Step 2 Severe Impairments**

Strickland first objects that the ALJ erred by ruling, at Step 2 of the sequential analysis, that her migraines, neurocardiogenic syncope, and anxiety were not severe impairments. (Doc. 23, PageID 2229). According to Strickland, the ALJ's failure to consider how these conditions limited her ability to work was reversible error. (*Id.*).

As the Magistrate Judge explained, however, there was substantial evidence for the ALJ's finding that these impairments were not severe. (Doc. 22, PageID 2223).

Regarding Strickland's migraines, the ALJ cited the "normal" results of Strickland's neurological exams, MRIs, and EEGs, as well as her use of prescription medications to control her symptoms, as grounds to find that the migraines were only a "non-severe" impairment. (Doc. 11, PageID 91). As for the neurocardiogenic syncope, the ALJ found that, in addition to negative indications on an EEG and a brain scan, Strickland had experienced only three episodes over a three-year period. (*Id.*). Finally, Strickland herself testified that she experienced anxiety attacks only infrequently. (Doc. 17, PageID 2143).

These grounds provided ample evidence supporting the ALJ's decision at Step 2.

In any event, as Magistrate Judge Limbert also correctly concluded, the ALJ's failure to identify these conditions as additional severe impairments was, if error at all, harmless. This is so because the ALJ went on to consider the extent to which these impairments could limit Strickland's ability to work. *See Fisk v. Astrue*, 253 F. App'x 580, 584 (6th Cir. 2007); (Doc. 11, PageID 91) (restriction to simple, routine light work would "accommodate the claimant's alleged

symptoms associated with migraine headaches"); (*id.*) (neurocardiogenic syncope would present only "minimal interference" with Strickland's ability to work).

For these reasons, I overrule Strickland's first objection.

### B. Treating Physician Rule

Strickland next objects that the ALJ failed to give good reasons for affording less than controlling weight to the opinions of three of her treating physicians, Drs. Assenmacher, Boecker, and Goldstein. (Doc. 23, PageID 2230).

The Commissioner must provide "good reasons for discounting the weight given to a treating-source opinion," and these reasons "must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

I agree with the Magistrate Judge that the ALJ gave good – indeed, compelling – reasons for discounting the treating sources' opinions.

The ALJ found that Dr. Assenmacher's opinion – that Strickland could not push, pull, or lift – was inconsistent with his own opinion that Strickland's pain would not prevent "adequate functioning." (Doc. 11, PageID 96). As for Dr. Boecker, he opined, in a totally conclusory manner and without identifying any functional limitations, that Strickland was disabled – a determination that in any event was the ALJ's alone to make. (*Id.*, PageID 96–97). And with regard to Dr. Goldstein, the ALJ determined that his opinion that Strickland could not work with others – an opinion unaccompanied by functional limitations – to be supported by only "minimal evidence." (*Id.*, PageID 97).

Far from "play[ing] doctor," as Strickland would have it (Doc. 23, PageID 2230), the ALJ gave the required "good reasons" for discounting these treating source opinions. I therefore overrule Strickland's second objection.

### C. Credibility Finding

For her third objection, Strickland argues that the ALJ erred in finding her testimony about the severity of pain in her left wrist to be incredible. (Doc. 23, PageID 2230). Strickland claims that the ALJ impermissibly relied only on her own "personal observation" of Strickland while "ignoring medical records documenting pain and stiffness in her left wrist." (*Id.*, PageID 2231).

The ALJ's decision itself refutes these claims.

Rather than relying solely on her observations of Strickland at the hearing, the ALJ meticulously went through the medical and opinion evidence bearing on her carpal tunnel syndrome generally, and in particular how that impairment affected her left hand. (Doc. 11, PageID 94–96). On the latter point, the ALJ recognized that the surgery on Strickland's left hand had not entirely relieved her symptoms. (*Id.*, PageID 94 –95). At the same time, however, the ALJ found that, post-surgery: 1) Strickland could move her fingers and thumb well; 2) her sensation was intact; 3) while complaining of pain her in her left hand, Strickland was not taking pain medication; and 4) her pain notwithstanding, Strickland continued to "gain functional abilities." (*Id.*).

In light of this evidence, the Magistrate Judge was exactly right to conclude that "[t]he ALJ's credibility determination was within the zone of reasonable choice." (Doc. 22, PageID 2226). Strickland's third objection lacks merit.

## D. RFC Determination

Finally, Strickland objects that the Magistrate Judge "incorrectly found that the ALJ's Step Five analysis was supported by substantial evidence." (Doc. 23, PageID 2231). This was so, Strickland maintains, because the ALJ should have included functional limitations relating to fingering and handling in the RFC. (*Id.*).

But what was true in the proceedings before the Magistrate Judge is equally true here: "Plaintiff has failed to show that the ALJ's RFC finding should have included limitations regarding fingering and handling, and she cites no medical or opinion evidence demonstrating that the ALJ erred[.]" (Doc. 22, PageID 2228).

That Strickland disagrees with the RFC determination is no basis to upset the ALJ's decision. I therefore overrule her fourth objection.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Plaintiff's objections (Doc. 23) to the Magistrate Judge's Report and Recommendation be, and the same hereby are, overruled;

2. The Magistrate Judge's Report and Recommendation (Doc. 22) be, and the same hereby is, adopted as the order of the court; and

3. The Commissioner's decision be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge